FILED
2008 Aug-11 AM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DEBORAH A. TIBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-G-0971-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, Deborah A. Tibbs, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f).  The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

>   (5)     whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. Id.

In the instant case, ALJ Dan Grady determined the plaintiff met the first two tests, but concluded that while she has an impairment or combination of impairments considered "severe," she did not suffer from a listed impairment. In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform less than the full range of sedentary work. [R. 14]. Accordingly, the ALJ found the Plaintiff not to be disabled.

### THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

>   The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the

> alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling.  In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required.  The VE is typically asked whether the claimant can perform his past relevant work or other jobs that exist in significant numbers withing the national economy based upon hypothetical questions about the claimant's abilities in spite of his impairments.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform her prior relevant work the burden shifts to the Commissioner to establish that she can perform other work.  In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed.  This is so even if no other hypothetical question is posed to the VE.  See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to pose hypothetical questions in order to prevail).  However, it is desirable for the VE to be asked whether the claimant can perform any jobs if her subjective testimony or the testimony of his doctors is credited.  Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit that testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law.  Id at 1401.  The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims."  Id.  If the VE is asked whether the claimant could perform other jobs if his testimony of pain or other subjective symptoms is accepted as

6

true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if her pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id. This also holds true for the opinions of treating physicians.

## DISCUSSION

The ALJ found that the plaintiff's has the following "severe" impairments:

> bilateral pitting edema of the lower extremities, bilateral varicose veins in the lower extremities, fluid retention, pyelonephritis, congestive heart failure, cardiomyopathy with left ventricular dysfunction, pulmonary hypertension, and hyperthyroidism with thyromegaly.

[R. 13]. A consultative physical examination was performed by Prem K. Gulati, M.D., on October 12, 2004. ALJ Grady gave considerable weight to Dr. Gulati's opinion, which acknowledged the plaintiff's edema and varicose veins. Nevertheless, Dr. Gulati stated:

> If she is treated with diuretics and anti-hypertensive medication including diuretics [sic], I think her swelling will be manageable and she should be able to do sitting, standing, lifting, carrying jobs without much difficulty.

[R. 163]. Dr. Gulati's opinion that the plaintiff had the ability to work is based upon the assumption that her swelling could be controlled.

Dr. Gulati's opinion from a one-time examination conflicts with the opinion of the plaintiff's long-time treating physician, Benjamin S. Fail, M.D., who on May 20, 2004, five months before Dr. Gulati's examination, diagnosed "+2 pretibial edema" and noted that the plaintiff "swells, yet takes Lasix[1]." [R. 139]. The medical records clearly

---

[1] Trademark name for preparations of furosemide, "a loop diuretic used in the
(continued...)

show that even though the plaintiff was treated with diuretics, the swelling grew to be unmanageable.  On February 23, 2005, the plaintiff was admitted to Huntsville Hospital and was diagnosed by Dr. Fail with congestive heart failure, dilated cardiomyopathy and pulmonary hypertension.  [R. 200].  Dr. Fail noted:

> The lower extremities are <u>markedly edematous</u> with more than 3+ pretibial edema.  The legs are tight.  The right leg appears more swollen than the left.  <u>The pulses are barely palpable</u>.  <u>Lymph nodes are nonpalpable</u>.

[R. 203](emphasis added)  On March 23, 2006, the plaintiff was seen at the Hunstville Hospital Emergency Room complaining of leg pain rated at eight out of 10.  [R. 241].  On June 26, 2006, the plaintiff was again hospitalized for edema and internal derangement of the right leg.  [R. 255].  <u>See</u> SSR 96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.").  Despite this longitudinal history of continuing leg pain and swelling, the ALJ concluded that the plaintiff's "condition improved with treatment and her condition was not sustained for significant periods of time."  [R. 17].  The ALJ, therefore, "succumbed to

---

[1] (...continued)
treatment of edema associated with congestive heart failure or hepatic or renal disease and in the treatment of hypertension. . . ."  <u>Dorland's Illustrated Medical Dictionary</u> 669 (28th Ed. 1994).

8

the [forbidden] temptation to play doctor and make [his] own independent medical findings."  Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996).

The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  [R. 14].  This conclusion is not supported by substantial evidence.  The ALJ noted, "Medical records from Dr. Fail in July 2004 show that the claimant failed to follow-up with treatment which suggests that the symptoms may not have been as serious as have been alleged."  [R. 16].  While the medical record cited by the ALJ does indicate that the plaintiff missed an appointment with Dr. Fail, it in no way shows that the plaintiff was failing to follow up with treatment.  This is no more than idle speculation regarding the possible reasons the plaintiff failed to appear for an appointment.  Moreover, the ALJ's conclusion is contradicted by the medical records subsequent to the missed appointment which document the plaintiff's worsening condition.  Because the ALJ's reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, her testimony must be accepted as true.

The VE testified that based upon the plaintiff's residual functional capacity as framed by the ALJ, the plaintiff could perform jobs such as an electronic assembler,

production inspector and parts sorter, all sedentary and unskilled jobs. However, the ALJ failed to follow up with a question which encompasses all the plaintiff's impairments.[2] Because the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met his fifth-step burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed.

## CONCLUSION

Because the plaintiff meets the three part pain standard, the Commissioner must articulate reasons for refusing to credit the plaintiff's pain testimony. In this case, as noted above, the ALJ's reasons for discrediting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, that testimony must be accepted as true by this court. Hale, 831 F.2d at 1012. The hypothetical questions posed to the VE failed to include the plaintiff's limitations of pain and its side effects. Therefore, the Commissioner failed to carry his burden at step five of the sequential analysis and the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

---

[2] The ALJ merely commented on the VE's answer by saying, "Obviously anything that would prevent consistent employment would eliminate those [jobs]." [R. 373].

DONE and ORDERED 11 August 2008.

                                  UNITED STATES DISTRICT JUDGE
                                          J. FOY GUIN, JR.